Richard D. McCune, State Bar No. 132124
rdm@mccunewright.com
David C. Wright, State Bar No. 177468
dcw@mccunewright.com
**MCCUNEWRIGHT LLP**
2068 Orange Tree Lane, Suite 216
Redlands, California 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

Joseph G. Sauder
JGS@mccunewright.com
Matthew D. Schelkopf
MDS@mccunewright.com
Joseph B. Kenney
JBK@mccunewright.com
**MCCUNEWRIGHT LLP**
555 Lancaster Ave
Berwyn, PA 19312
Telephone: (610) 200-0581

Attorneys for Plaintiff and the Putative Class

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. SUCCI, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>KRACO ENTERPRISES, LLC, and S.C. JOHNSON & SON, INC.,<br><br>        Defendants. | Case No.: 2:16-cv-08125<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Violation of the California Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*);<br>2. Violation of California Unfair Competition Laws (Cal. Bus. & Prof. Code § 17200);<br>3. Violation of California False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*);<br>4. Violation of Pennsylvania Unfair Trade Practices Act (73 Pa. C.S.A. 201-1);<br>5. Breach of Implied Warranty;<br>6. Common Law Fraud;<br>7. Breach of Duty of Good Faith and Fair Dealing<br>8. Unjust Enrichment;<br>9. Negligent Misrepresentation;<br>10. Violation of the Song-Beverly Act – Breach of Implied Warranty (Cal. Civ. Code §§ 1792, 1791.1, *et seq.*)<br>11. Violation of Implied Warranty of Merchantibility (Cal. Civ. Code § 2314)<br><br>**DEMAND FOR JURY TRIAL** |

-1-

**PLAINTIFF'S CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Anthony J. Succi brings this action against Defendants Kraco Enterprises, LLC, and S.C. Johnson & Son, Inc., by and through his attorneys, individually and on behalf of all others similarly situated, and alleges as follows:

**INTRODUCTION**

1.       This is a class action lawsuit brought by Plaintiff on behalf of himself and a class of current and former purchasers and/or users of Glade® Auto Scented Oil Automotive Air Fresheners (hereinafter, the "Air Fresheners"), which are designed, manufactured, distributed, sold, and/or otherwise placed into the stream of commerce by Defendants Kraco Enteprises, LLC ("Kraco Enterprises"), and S.C. Johnson & Son, Inc. ("S.C. Johnson"), (collectively "Defendants").

2.       This action arises from Defendants' failure to disclose to Plaintiff and similarly situated consumers, despite their longstanding knowledge, that the Air Fresheners contain a latent defect that results in damages to the interior surfaces of automobiles in which the Air Fresheners are used, through no fault of the consumers.

3.       Specifically, the Air Fresheners, which are intended to be clipped to automobile interior air vents, leak oil and/or other substances, thereby causing damage to the interiors of automobiles in which they are used.  When this occurs, the oils and/or other substances from the Air Fresheners penetrate and damage the instrument panels and/or dashboards of the automobiles in which they are used.

4.       Defendants have long been aware of this defect and actively concealed the defect.

5.       Many consumers have communicated with Defendants regarding the damages caused to their vehicles by the Air Fresheners.  Defendants have failed to reimburse consumers for the damages and/or warn consumers of the defect.

6.       Despite notice and knowledge of the defect, Defendants have not recalled the Air Fresheners, failed to publicly notify consumers of the defect, and not offered to reimburse its customers who have incurred expenses related to the defect.

7.     Because of Defendants' unfair, deceptive, and/or fraudulent business practices, purchasers and users of the Air Fresheners, including Plaintiff Succi, have suffered an ascertainable loss of money, property, and/or loss in value of their automobiles.

8.     Had Plaintiff Succi and other Class Members known of the defect at the time of purchase, they would not have purchased the Air Fresheners.

9.     As a result of the defect and the monetary costs associated with attempting to repair the damages to their automobiles caused by the defect, Plaintiff and the Class Members have suffered injury in fact, incurred damages, and have otherwise been harmed by Defendants' conduct.

10.    Accordingly, Plaintiff Succi brings this action to redress Defendants' violations of California's and Pennsylvania's consumer fraud statutes, and also seeks recovery for Defendants' breach of implied warranty, breach of the duty of good faith and fair dealing, and common law fraud.

## JURISDICTION

11.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one Plaintiff and one Defendant are citizens of different States.  This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

12.    This Court has personal jurisdiction over Defendant Kraco Enterprises because Kraco Enterprises maintains a principal place of business in Compton, California; it has conducted substantial business in this judicial district, and it intentionally and purposefully placed the Air Fresheners into the stream of commerce within the Central District of California and throughout the United States.

13.    This Court has personal jurisdiction over Defendant S.C. Johnson because it has conducted substantial business in this judicial district, and intentionally and purposefully placed the Air Fresheners into the stream of commerce within the Central District of California and throughout the United States.

## VENUE

14.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Defendants transact business in this district, are subject to personal jurisdiction in this district, and therefore are

-3-

deemed to be citizens of this district.  Additionally, Defendant Kraco Enterprises maintains a principal place of business within this district.  Defendants have also advertised in this district and have received substantial revenue and profits from their sales of Air Fresheners within this district; therefore, a substantial part of the events and/or omissions giving rise to the claims occurred, in part, within this district.

**PARTIES**

**A.**     <u>**Plaintiff Anthony J. Succi**</u>

15.     Plaintiff Anthony J. Succi is a citizen of the Commonwealth of Pennsylvania, and currently resides in Perkasie, Pennsylvania.

16.     In September 2016, Plaintiff purchased a Glade® Auto Scented Oil Automotive Air Freshener in a Pennsylvania retail store for use in his 2016 Nissan automobile.

17.     Upon information and belief, the Air Freshener was manufactured and distributed by Defendants Kraco Enterprises and S.C. Johnson.

18.     Consistent with the instructions accompanying the Air Freshener, Plaintiff clipped the Air Freshener onto the air vent on the dashboard of his automobile.  A photograph depicting this Air Freshener is included below.



CLASS ACTION COMPLAINT
Case No.: 2:16-cv-08125

19.     Shortly thereafter, oil or other substances within the Air Freshener leaked onto Plaintiff's dashboard, causing damage to the automobile's interior.  A photograph depicting this damage is included below.

20.     As a result of the foregoing damage, Plaintiff was quoted a cost of $191.04, by a Nissan dealership, to have his automobile repaired.

21.     At all times relevant herein, Plaintiff followed all instructions associated with the Air Freshener and used the Air Freshener for its intended purpose.



22.     Plaintiff has suffered an ascertainable loss as a result of Defendants' omissions and/or misrepresentations associated with the Air Freshener, including, but not limited to, out of pocket losses associated with the damages to his automobile, diminished value of the automobile, and/or other consequential damages.

23.     Neither of the Defendants, nor any of their agents, employees or other representatives, informed Plaintiff of the existence of the defect or risk of damage prior to, or any time after, his purchase of the Air Freshener.

**B.      Defendant Kraco Enterprises**

24.     Defendant Kraco Enterprises is an automobile accessories designer, manufacturer, and/or distributor doing business within the United States.

25.     Defendant Kraco Enterprises is incorporated and headquartered in the State of Illinois with its principal place of business located at 505 E. Euclid Avenue, Compton, California 90224.

26.     Upon information and belief, Defendant Kraco Enterprises designed, manufactured, and/or distributed the Air Fresheners.

27.     Upon information and belief, Defendant Kraco Enterprises had a significant role in developing the instructions and information for use included on the labels and within the Air Fresheners' packages.

28.     Defendant Kraco Enterprises engages in continuous and substantial business in California.

**C.      Defendant S.C. Johnson & Son, Inc.**

29.     Defendant S.C. Johnson designs, manufactures, distributes, and/or sells a wide variety of products to consumers for use in households and automobiles, among other things.

30.     Defendant S.C. Johnson is incorporated in Wisconsin and maintains a principal place of business at 1525 Howe Street, Racine, Wisconsin 53403.

31.     Upon information and belief, Defendant S.C. Johnson designed, manufactured, and/or distributed the Air Fresheners.

32.     Upon information and belief, Defendant S.C. Johnson had a significant role in developing the instructions and information for use included on the labels and within the Air Fresheners' packages.

33.     S.C. Johnson engages in continuous and substantial business in California.

## CALIFORNIA LAW APPLIES

34.     It is appropriate to apply California law to the nationwide claims because California's interest in this litigation exceeds that of any other state.

-6-

CLASS ACTION COMPLAINT
Case No.: 2:16-cv-08125

35.     As discussed above, Defendant Kraco Enterprises is located in Compton, California, and designed and manufactured the Air Fresheners.

36.     Upon information and belief, Kraco Enterprises' customer relations, engineering, marketing, and warranty departments are all located in Kraco Enterprises' Compton location.  Kraco Enterprises' customer service address is 505 E. Euclid Avenue, Compton, California 90224.  Furthermore, when Kraco Enterprises was notified of Plaintiff Succi's claim, a customer service representative based at Kraco Enterprise's Compton location contacted Plaintiff's counsel for further information regarding the claim.

37.     Based on the foregoing, the policies, practices, acts, and omissions giving rise to this action were developed in, and emanated from, Defendant Kraco Enterprises' headquarters in Compton, California.  Accordingly, the State of California has the most significant relationship to this litigation and its law should govern.

## TOLLING OF STATUTES OF LIMITATIONS

38.     Any applicable statute(s) of limitations have been tolled by Defendants' knowing and active concealment and denial of the facts alleged herein.  Plaintiff and the Members of the Class could not have reasonably discovered the true, latent nature of the Air Fresheners' defect until shortly before this class action litigation was commenced.

39.     Defendants were, and remain, under a continuing duty to disclose to Plaintiff and the Members of the Class the true character, quality, and nature of the Air Fresheners, that the design and/or manufacturing defects will result in oil or other leaks and property damage, that they will require costly repairs and diminish the resale value of the automobiles in which they are used.  As a result of the active concealment by Defendants, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

## FACTUAL ALLEGATIONS

40.     Defendant S.C. Johnson designs, manufactures, markets, and sells household and automotive products to consumers.

CLASS ACTION COMPLAINT
Case No.: 2:16-cv-08125

41.     Upon information and belief, S.C. Johnson entered into an agreement with Defendant Kraco Enterprises whereby S.C. Johnson would distribute the Air Fresheners, which were designed and manufactured by Kraco Enterprises.

42.     Thereafter, S.C. Johnson distributed the Air Fresheners to retail outlets within the United States, selling the Air Fresheners under S.C. Johnson's Glade® brand.

43.     Consumers, including Plaintiff Succi, purchased the Air Fresheners from these retail outlets.

44.     The instructions and packaging associated with the Air Fresheners advise consumers to clip the Air Fresheners onto the vents of their vehicles so that air flow from the vents would release the Air Fresheners' fragrances.

45.     The Air Fresheners contain oils or other substances that are released as the Air Fresheners are utilized.

46.     The Air Fresheners contain a defect whereby their oils and/or other substances are permitted to leak from the Air Fresheners onto the interior surfaces of the automobiles in which they are used, thereby causing damage to the automobiles.[1]

47.     Defendants have long been aware of this defect for years and have actively concealed it.[2]

48.     Many consumers have communicated with Defendants regarding the damages caused to their vehicles by the Air Fresheners.  Defendants have failed to reimburse consumers for the damages and/or warn consumers of the defect.

---

[1] http://www.wsbtv.com/news/local/woman-upset-car-air-freshener-caused-400-damage/27338627 (last visited Oct. 31, 2016).

[2] http://www.hyundai-forums.com/md-2011-2016-elantra-sedan-coupe/147655-kraco-scents-scented-oil-air-freshener-destroys-dash-trim.html (last visited Oct. 31, 2016); https://www.facebook.com/KracoAuto/posts/637859213049017 (last visited Oct. 31, 2016); http://www.planetfeedback.com/index.php?level2=blog_viewpost&topic_id=333604&reply_id=331294 (last visited Oct. 31, 2016);  https://www.fordf150.net/forums/viewtopic.php?t=59306 (last visited Oct. 31, 2016); http://acurazine.com/forums/3g-tl-problems-fixes-114/glade-plugin-melted-interior-paint-715263/ (last visited Oct. 31, 2016);  https://www.facebook.com/Glade/posts/874625919217422 (last visited Oct. 31, 2016); https://www.facebook.com/Glade/posts/1100036500044391 (last visited Oct. 31, 2016).

CLASS ACTION COMPLAINT
Case No.: 2:16-cv-08125

49.     Despite notice and knowledge of the defect, Defendants have not recalled the Air Fresheners, failed to publicly notify consumers of the defect, and not offered to reimburse its customers who have incurred expenses related to the defect.

50.     As a result of the leaking oils and/or other substances, Plaintiff Succi and other Class Members have incurred out of pocket expenses for repairs and/or diminished resale value of their automobiles.

51.     At all material times, the Air Fresheners were utilized for their intended purpose and consistent with the instructions provided by Defendants.

52.     Neither Kraco Enterprises nor S.C. Johnson warned Plaintiff Succi or other Class Members regarding the defect contained within the Air Fresheners that permits oils and/or other substances to escape the Air Fresheners, or the possibility for property damages resulting from such defect.

## CLASS ALLEGATIONS

53.     Plaintiff Succi brings this action on his own behalf, and on behalf of a nationwide class pursuant to Federal Rules of Civil Procedure, Rules 23(a), 23(b)(2), and/or 23(b)(3).

**Nationwide Class:**

All persons or entities in the United States who have purchased a Glade® Auto Scented Oil Automotive Air Freshener, or utilized a Glade® Auto Scented Oil Automotive Air Freshener and sustained resulting property damage.

54.     In the alternative to the Nationwide Class, and pursuant to Federal Rules of Civil Procedure, Rule 23(c)(5), Plaintiff seeks to represent the following state classes only in the event that the Court declines to certify the Nationwide Class above.  Specifically, the state classes consist of the following:

**California Class:**

All persons or entities in California who have purchased a Glade® Auto Scented Oil Automotive Air Freshener for primarily personal, family, or household purposes, as defined by California Civil Code § 1791(a), or used a Glade® Auto Scented Oil Automotive Air Freshener for primarily personal, family, or household purposes and sustained resulting property damage.

**Pennsylvania Class:**

All persons or entities in Pennsylvania who have purchased a Glade® Auto Scented Oil Automotive Air Freshener, or used a Glade® Auto Scented Oil Automotive Air Freshener and sustained resulting property damage.

55.     Together, the California Class, Pennsylvania Class, and the Nationwide Class shall be collectively referred to herein as the "Class."  Excluded from the Class are Kraco Enterprises, S.C. Johnson, their affiliates, employees, officers and directors, persons or entities that purchased the Air Fresheners for resale, and the Judge(s) assigned to this case.  Plaintiff reserves the right to modify, change, or expand the Class definitions based on discovery and further investigation.

56.     Numerosity:  Upon information and belief, the Class is so numerous that joinder of all Members is impracticable.  While the exact number and identities of individual Members of the Class are unknown at this time, such information being in the sole possession of Defendants and obtainable by Plaintiffs only through the discovery process, Plaintiff believes, and on that basis alleges, that tens of thousands of Air Fresheners have been sold in each of the States that are the subject of the Class.

57.     Existence and Predominance of Common Questions of Fact and Law:  Common questions of law and fact exist as to all Members of the Class.  These questions predominate over the questions affecting individual Class Members.  These common legal and factual questions include, but are not limited to, whether:

      a.  The Air Fresheners were sold with a defect;

      b.  Defendants knew of the defect but failed to disclose the problem and its consequences to its consumers;

      c.  A reasonable consumer would consider the defect or its consequences to be material;

      d.  Defendants should be required to disclose the existence of the defect; and

      e.  Defendants' conduct violates the California Legal Remedies Act, California Unfair Competition Law, and the other statutes asserted herein.

58.     Typicality:  All of Plaintiff's claims are typical of the claims of the Class since Plaintiff Succi and each Member of the Class purchased or utilized an Air Freshener with the defect.  Furthermore, Plaintiff Succi and all Members of the Class sustained monetary and economic injuries

including, but not limited to, ascertainable losses arising out of Defendants' wrongful conduct.  Plaintiff Succi is advancing the same claims and legal theories on behalf of himself and all absent Class Members.

59.    <u>Adequacy</u>:  Plaintiff Succi is an adequate representative because his interests do not conflict with the interests of the Class that he seeks to represent, he has retained counsel competent and highly experienced in complex class action litigation, and he intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

60.    <u>Superiority</u>:  A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and Members of the Class.  The injury suffered by each individual Class Member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct.  It would be virtually impossible for Members of the Class individually to redress effectively the wrongs done to them.  Even if the Members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments.  Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court.

61.    Defendants have acted, and/or refused to act, on grounds generally applicable to the Class, thereby making appropriate final equitable relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT ("CLRA")**

**(Cal. Civ. Code § 1750, *et seq.*)**

**(On Behalf of the Nationwide Class or, Alternatively, the California Class)**

62.    Plaintiff Succi and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

63.    Plaintiff Succi brings this claim on behalf of himself and on behalf of the Members of the Class against Defendants Kraco Enterprises and S.C. Johnson.

64. Kraco Enterprises and S.C. Johnson are "persons" as that term is defined in California Civil Code § 1761(c).

65. Plaintiff Succi and the Class are "consumers" as that term is defined in California Civil Code §1761(d).

66. Defendants engaged in unfair and deceptive acts in violation of the CLRA by the practices described above, and by knowingly and intentionally concealing from Plaintiff Succi and Class Members that the Air Fresheners suffer from a defect. These acts and practices violate, at a minimum, the following sections of the CLRA:

> (a)(2) Misrepresenting the source, sponsorship, approval or certification of goods or services;
>
> (a)(5) Representing that goods or services have sponsorships, characteristics, uses, benefits or quantities which they do not have, or that a person has a sponsorship, approval, status, affiliation or connection which he or she does not have;
>
> (a)(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and
>
> (a)(9) Advertising goods and services with the intent not to sell them as advertised.

67. Defendants' unfair or deceptive acts or practices occurred repeatedly in Defendants' trade or business and were capable of deceiving a substantial portion of the purchasing public.

68. Defendants knew that the Air Fresheners were defectively designed or manufactured, would fail and cause damage, and were not suitable for their intended use.

69. Defendants were under a duty to Plaintiff Succi and the Class Members to disclose the defective nature of the Air Fresheners because:

> a. Defendants were in a superior position to know the true state of facts about the defect and associated risk of damages;
>
> b. Plaintiff Succi and the Class Members could not reasonably have been expected to learn or discover that the Air Fresheners contained a defect until manifestation of the defect; and

-12-

c.     Defendants knew that Plaintiff Succi and the Class Members could not reasonably have been expected to learn or discover the defect and the associated repair costs that it causes until the manifestation of the defect.

70.     In failing to disclose the defect and repair costs that result from it, Defendants have knowingly and intentionally concealed material facts and breached their duties not to do so.

71.     The facts concealed or not disclosed by Defendants to Plaintiff Succi and the Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the Air Fresheners.  Had Plaintiff Succi and the Class known about the defective nature of the Air Fresheners, they would not have purchased the Air Fresheners.

72.     Plaintiff has provided Defendants with adequate notice of their violations of the CLRA pursuant to California Civil Code § 1782(a) and the necessary period of time to respond to such notice. As of the date of this filing, Defendants' have failed to adequately respond to the relief requested.

73.     Plaintiff Succi's and the other Class Members' injuries were proximately caused by Defendants' fraudulent and deceptive business practices.

74.     Therefore, Plaintiff and the other Class Members seek all relief available under the CLRA.

<u>**SECOND CAUSE OF ACTION**</u>

**VIOLATIONS OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE**

**(Cal. Bus. & Prof. Code § 17200)**

**(On Behalf of the Nationwide Class or, Alternatively, the California Class)**

75.     Plaintiff Succi and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

76.     Plaintiff Succi brings this claim on behalf of himself and on behalf of the Members of the Class against Defendants Kraco Enterprises and S.C. Johnson.

77.     The California Unfair Competition Law ("UCL") prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.

78.     Defendants have engaged in unfair competition and unfair, unlawful, or fraudulent business practices by the conduct, statements, and omissions described above, and by knowingly and intentionally concealing from Plaintiff and the Class Members that the Air Fresheners suffer from a defect.  Defendants should have disclosed this information because they were in a superior position to know the true facts related to the defect, and Plaintiff Succi and Class Members could not reasonably be expected to learn or discover the true facts related to the defect.

79.     These acts and practices have deceived Plaintiff Succi and are likely to deceive the public.  In failing to disclose the defect and suppressing other material facts from Plaintiff and the Class Members, Defendants breached their duties to disclose these facts, violated the UCL, and caused injuries to Plaintiff and the Class Members.  The omissions and acts of concealment by Defendants pertained to information that was material to Plaintiff Succi and the Class Members, as it would have been to all reasonable consumers.

80.     The injuries suffered by Plaintiff Succi and the Class Members are greatly outweighed by any potential countervailing benefit to consumers or to competition.  Moreover, their injuries are not ones that Plaintiff Succi and the Class Members should have reasonably avoided.

81.     Defendants' acts and practices are unlawful because they violate California Civil Code §§ 1668, 1709, 1710, and 1750 *et seq.*, and California Commercial Code § 2313.

82.     Plaintiff seeks to enjoin further unlawful, unfair and/or fraudulent acts or practices by Defendants, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, and all other relief allowed under California Business & Professions Code § 17200.

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW

### (Cal. Bus. & Prof. Code §§ 17500, *et seq.*)

### (On Behalf of the Nationwide Class or, Alternatively, the California Class)

83.     Plaintiff Succi and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

84.     Plaintiff Succi brings this claim on behalf of himself and on behalf of the Members of the Class against Defendants Kraco Enterprises and S.C. Johnson.

-14-

85.     California Business & Professions Code § 17500 states: "It is unlawful for any . . . corporation . . . with intent directly or indirectly to dispose of real or personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

86.     Defendants caused to be made or disseminated through California and the United States, through advertising, marketing and other publications, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Defendants to be untrue and misleading to consumers, including Plaintiff Succi and the other Class Members.

87.     Defendants have violated section 17500 because the misrepresentations and omissions regarding the intended use, reliability and functionality of its Air Fresheners as set forth in this Complaint were material and likely to deceive a reasonable consumer.

88.     Plaintiff Succi and the other Class Members have suffered an injury in fact, including the loss of money or property, as a result of Defendants' unfair, unlawful, and/or deceptive practices.  In purchasing or utilizing the Air Fresheners, Plaintiff Succi and the other Class Members relied on the misrepresentations and/or omissions of Defendants with respect to the intended use, reliability and functionality of the Air Fresheners.  Defendants' representations were untrue because the Air Fresheners are distributed with a defect which permits oils or other substances to escape the Air Fresheners and cause damage to consumers' automobiles.  Had Plaintiff Succi and the other Class Members known this, they would not have purchased or utilized the Air Fresheners and/or paid as much for them. Accordingly, Plaintiff and the other Class Members overpaid for their Air Fresheners and did not receive the benefit of their bargain.

89.     All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendants' business.  Defendants' wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated, both in the State of California and nationwide.

-15-

90.     Plaintiff Succi, individually and on behalf of the other Class Members, requests that this Court enter such orders or judgments as may be necessary to enjoin Defendants from continuing their unfair, unlawful, and/or deceptive practices and to restore to Plaintiff Succi and the other Class Members any money Defendants acquired by unfair competition, including restitution and/or restitutionary disgorgement, and for such other relief set forth below.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES ACT**

**(73 Pa. C.S.A. § 201-1, *et. seq.*)**

**(ON BEHALF OF THE PENNSYLVANIA CLASS)**

91.     Plaintiff Succi hereby incorporates by reference the allegations of all foregoing Paragraphs as if such had been set forth in full herein.

92.     This Count is brought on behalf of the Pennsylvania Sub-Class against Defendants Kraco Enterprises and S.C. Johnson.

93.     The conduct alleged above constitutes unfair methods of competition or unfair or deceptive acts or practices in violation of section 201-2(4)(v), (vii), (xiv) and (xxi) of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. C.S.A. § 201-1, *et seq.*

94.     The UTPCPL applies to the claims of Plaintiff Succi and the other Members of the Pennsylvania Sub-Class because the conduct which constitutes violations of the UTPCPL occurred in substantial part within the Commonwealth of Pennsylvania.

95.     Plaintiff Succi and the other Members of the Pennsylvania Sub-Class are consumers who purchased Air Fresheners in Pennsylvania primarily for personal, family or household purposes within the meaning of 73 Pa. C.S.A. § 201-9.2.

96.     Defendants used and employed unfair methods of competition and/or unfair or deceptive acts or practices within the meaning of 73 Pa. C.S.A. §§ 201-2 and 201-3. 178.  Defendants' concealments, omissions, deceptions, and conduct were likely to deceive and likely to cause

-16-

misunderstanding and/or in fact caused Plaintiff Succi and the other Members of the Pennsylvania Sub-Class to be deceived.

97.     Defendants intended that Plaintiff Succi and the other Members of the Pennsylvania Sub-Class would rely on its misrepresentations, concealment, warranties, deceptions, and/or omissions.

98.     Plaintiff Succi and the other Members of the Pennsylvania Sub-Class have been damaged as a proximate result of Defendants' violations of the UTPCPL and have suffered actual, ascertainable losses.

99.     As a direct and proximate result of Defendants' violations of the UTPCPL as set forth above, Plaintiff Succi and the other Members of the Pennsylvania Sub-Class have suffered an ascertainable loss of money and are therefore entitled to relief, including damages, plus triple damages, costs, and attorney's fees, under section 201-9.2 of the UTPCPL.

100.     To the extent that justifiable reliance is required to be plead, Plaintiff Succi and the Pennsylvania Sub-Class have justifiably relied on the Defendants' conduct and omissions.

## FIFTH CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTY

**(On Behalf of the Nationwide Class or, Alternatively, the California and Pennsylvania Classes)**

101.     Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

102.     This Count is brought by Plaintiff Succi on behalf of himself and the Class against Defendants Kraco Enterprises and S.C. Johnson.

103.     Defendants were at all relevant times the designers, manufacturers, distributors, warrantors, and/or sellers of the Air Fresheners.  Defendants knew or had reason to know of the specific use for which the Air Fresheners were purchased.

104.     Defendants provided Plaintiffs and the other Class Members with an implied warranty that the Air Fresheners are merchantable and fit for the ordinary purposes for which they were sold. However, the Air Fresheners are not fit for their ordinary purpose because, *inter alia*, the Air Fresheners

-17-

suffered from a defect that permits oil or other substances to leak from the Air Fresheners onto the vents, dashboards, or other surfaces of the automobiles in which they are used, thereby damaging the automobiles.

105.    Defendants impliedly warranted that the Air Fresheners were of merchantable quality and fit for use to safely freshen the air and disperse particular scents within consumers' automobiles.  This implied warranty included, among other things: (i) a warranty that the Air Fresheners that were designed, manufactured, supplied, distributed, and/or sold by Defendants were safe and reliable for freshening the air and dispersing scents within consumers' automobiles, and would not experience premature and/or catastrophic failure resulting in damage to consumers' automobiles; and (ii) a warranty that the Air Fresheners would be fit for their intended use in consumers' automobiles.

106.    Contrary to the applicable implied warranties, the Air Fresheners at the time of sale and thereafter were not fit for their ordinary and intended purpose of safely and reliably freshening the air and dispersing scents within Class Members' automobiles.  Instead, the Air Fresheners suffer from a defect resulting in damage to consumers.

107.    Defendants' actions, as complained of herein, breached the implied warranty that the Air Fresheners were of merchantable quality and fit for such use.

## SIXTH CAUSE OF ACTION

## COMMON LAW FRAUD

**(On Behalf of the Nationwide Class or, Alternatively, the California and Pennsylvania Classes)**

108.    Plaintiff Succi and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

109.    This Count is brought by Plaintiff Succi on behalf of himself and the Class against Defendants Kraco Enterprises and S.C. Johnson.

110.    Defendants made material omissions concerning a presently existing or past fact.  For example, Defendants did not fully and truthfully disclose to its customers the true nature of the inherent defect with the Air Fresheners, which was not readily discoverable until the defect manifested and their vehicles were damaged.  As a result, Plaintiff and the other Class Members were fraudulently induced to purchase the Air Fresheners with the said defect and all of the resultant problems.

-18-

111.    These omissions were made by Defendants with knowledge of their falsity, and with the intent that Plaintiff and the Class Members rely on them.

112.    Plaintiff and the Class Members reasonably relied on these omissions, and suffered damages as a result.

### SEVENTH CAUSE OF ACTION

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

**(On Behalf of the Nationwide Class or, Alternatively, the California and Pennsylvania Classes)**

113.    Plaintiff Succi and the Class incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

114.    This Count is brought by Plaintiff Succi on behalf of himself and the Class against Defendants Kraco Enterprises and S.C. Johnson.

115.    All contracts in California and Pennsylvania contain an implied covenant of good faith and fair dealing.  The implied covenant of good faith and fair dealing is an independent duty and may be breached even if there is no breach of a contract's express terms.

116.    Defendants breached the covenant of good faith and fair dealing by, *inter alia*, failing to notify Plaintiff and Class Members of the defective nature of the Air Fresheners, and failing to fully and properly repair the damages caused by the defect.

117.    Defendants acted in bad faith and/or with a malicious motive to deny Plaintiff and the Class Members some benefit of the bargain originally intended by the parties, thereby causing them injuries in an amount to be determined at trial.

### EIGHTH CAUSE OF ACTION

### UNJUST ENRICHMENT

**(On Behalf of the Nationwide Class or, Alternatively, the California and Pennsylvania Classes)**

118.    Plaintiff Succi and the Class incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

119.    This Count is brought by Plaintiff Succi on behalf of himself and the Class against Defendants Kraco Enterprises and S.C. Johnson.

CLASS ACTION COMPLAINT
Case No.: 2:16-cv-08125

120.     Defendants, through their false or deceptive advertising claims, enticed Plaintiff Succi and other Members of the Class to purchase the Air Fresheners.

121.     Plaintiff and other Members of the Class conferred benefits upon Defendants by purchasing the Air Fresheners.

122.     Defendants have profited by failing to disclose the defect in the Air Fresheners and/or adequately warn purchasers about the risk of harm and property damage associated with the intended use of the Air Fresheners, thus increasing their sales to the detriment of Plaintiff and the Class.

123.     By their wrongful acts, Defendants have been unjustly enriched at the expense of, and to the detriment of, Plaintiff and the Class.  Defendants benefited financially from the revenues and other compensation tied to the sale of the Air Fresheners.

124.     No adequate remedy at law exists to compensate Plaintiff and the other Members of the Class.

125.     Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits it received from Plaintiff and the Class as a result of its deceptive acts and practices.

126.     Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and the Class is unjust and inequitable, Plaintiff seeks restitution from Defendants and an Order from the Court requiring Defendants to disgorge all profits, benefits and other compensation obtained due to their wrongful conduct.

## NINTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

**(On Behalf of the Nationwide Class or, Alternatively, the California and Pennsylvania Classes)**

127.     Plaintiff Succi and the Class incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

128.     This Count is brought by Plaintiff Succi on behalf of himself and the Class against Defendants Kraco Enterprises and S.C. Johnson.

129.     Defendants made misrepresentations and/or omissions of fact regarding the Air Fresheners.

-20-

130.    Defendants advertised, labeled, packaged, marketed, distributed, and sold the Air Fresheners without disclosing the defect within the Air Fresheners and without adequately warning Plaintiff or the Class about the significant risk to property caused by using the Air Fresheners as intended.

131.    Defendants were negligent in making the misrepresentations at issue because they knew, or should have known, of the substantial risks of property damage posed by the intended use of the Air Fresheners.

132.    Plaintiff and other Members of the class relied upon Defendants' misrepresentations and/or omissions in purchasing the Air Fresheners.

133.    The factual misrepresentations committed by Defendants were material to Plaintiff and other Members of the Class in making their purchases of the Air Fresheners.

134.    Plaintiff and other Members of the Class relied upon the misrepresentations and/or omissions made by Defendants, to their detriment, in that Plaintiff and the Members of the Class paid the purchase price for the Air Fresheners, although they would not have purchased the Air Fresheners at all, or would have paid less for the Air Fresheners, if they had known the truth about the Air Fresheners.

135.    Accordingly, Plaintiff and other Members of the Class seek economic damages due to Defendants' negligent misrepresentations.

## TENTH CAUSE OF ACTION

**VIOLATION OF THE SONG-BEVERLY ACT – BREACH OF IMPLIED WARRANTY**

**(Cal. Civ. Code §§ 1792, 1791.1, *et seq.*)**

**(On Behalf of the Nationwide Class or, Alternatively, the California and Pennsylvania Classes)**

136.    Plaintiff Succi and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

137.    This Count is brought by Plaintiff Succi on behalf of himself and the Class against Defendants Kraco Enterprises and S.C. Johnson.

138.    At all relevant times hereto, Defendants were the designers, manufacturers, distributors, warrantors, and/or sellers of the Air Fresheners.  Defendants knew or should have known of the specific use for which the Air Fresheners were purchased.

139. Defendants provided Plaintiff and the Class Members with an implied warranty that the Air Fresheners are merchantable and fit for the ordinary purposes for which they were sold. The Air Fresheners, however, are not fit for their ordinary purpose because, *inter alia*, the Air Fresheners suffered from an inherent defect at the time of sale that causes the Air Fresheners to leak oil or other substances onto the interior surfaces of the automobiles in which they are used, thereby causing damage to the automobiles.

140. The Air Fresheners are not fit for the purpose of safely and reliably freshening the air and dispersing scents within consumers' automobiles.

141. Defendants impliedly warranted that the Air Fresheners were of merchantable quality and fit for such use. This implied warranty included, *inter alia*, the following: (i) a warranty that the Air Fresheners manufactured, supplied, distributed, and/or sold by Defendants were safe and reliable for use within consumers' automobiles; and (ii) a warranty that the Air Fresheners would be fit for their intended use – i.e. safely and reliably releasing scents to freshen the air within automobiles.

142. Contrary to the applicable implied warranties, the Air Fresheners at the time of sale and thereafter were not fit for their ordinary and intended purpose.

143. Defendants' actions, as complained of herein, breached the implied warranty that the Air Fresheners were of merchantable quality and fit for such use in violation of California Civil Code §§ 1792 and 1791.1.

## ELEVENTH CAUSE OF ACTION

### VIOLATION OF IMPLIED WARRANTY OF MERCHANTABILITY

### (Cal. Civ. Code § 2314)

### (On Behalf of the Nationwide Class or, Alternatively, the California and Pennsylvania Classes)

144. Plaintiff Succi and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

145. This Count is brought by Plaintiff Succi on behalf of himself and the Class against Defendants Kraco Enterprises and S.C. Johnson.

146. At all relevant times, Defendants were "merchants" with respect to the Air Fresheners, as that term is defined in California Civil Code § 2104.

-22-

147.    A warranty that the Air Fresheners were in merchantable condition was implied in the sale of every Air Freshener to Plaintiff and the other Class Members pursuant to California Civil Code § 2134.

148.    The Air Fresheners, when sold and at all times thereafter, were not merchantable and were not fit for the ordinary purposes for which they were intended to be used.  Specifically, the Air Fresheners are inherently hazardous in that they easily leak oils and/or other substances and cause damage to the interiors of automobiles in which they are used.

149.    Plaintiff and the Class were third-party beneficiaries of: (a) any contracts between Defendants and the vendors who provided components of the Air Fresheners; and (b) Defendants' sale of the Air Fresheners to Plaintiff and the other Members of the Class.

150.    Defendants were provided notice of these issues via their knowledge of the design and ingredients of the Air Fresheners, the propensity of the Air Fresheners to leak and/or prior complaints regarding damage caused by the Air Fresheners.

151.    As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiff and the Class suffered damages including, but not limited to, out of pocket losses associated with the damages to his automobile, diminished value of the automobile and/or other consequential damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and Members of the Class, respectfully requests that this Court:

A.  determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying one or more Classes as defined above;

B.  appoint Plaintiff as the representative of the Class and his counsel as Class counsel;

C.  award all actual, general, special, incidental, statutory, punitive, and consequential damages and restitution to which Plaintiffs and the Class Members are entitled;

D.  award pre-judgment and post-judgment interest on such monetary relief;

CLASS ACTION COMPLAINT
Case No.: 2:16-cv-08125

E.   grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires Defendants to recall and/or replace the Air Fresheners, and repair damages to Class Members' automobiles caused by the Air Fresheners, or, at a minimum, to provide Plaintiff and Class Members with appropriate curative notice regarding the existence and cause of the defect;

F.   award reasonable attorneys' fees and costs; and

G.   grant such further relief that this Court deems appropriate.

Dated:  November 1, 2016.                              Respectfully submitted,


By:   __/s/ Richard D. McCune_____
      Richard D. McCune
      David C. Wright
      MCCUNEWRIGHT LLP
      2068 Orange Tree Lane
      Suite 216
      Redlands, California 92374
      Telephone: (909) 557-1250
      Facsimile: (909) 557-1275
      Email: rdm@mccunewright.com
             dcw@mccunewright.com


      Joseph G. Sauder*
      Matthew D. Schelkopf*
      Joseph B. Kenney*
      MCCUNEWRIGHT LLP
      555 Lancaster Avenue
      Berwyn, Pennsylvania 19312
      Telephone: (909) 557-1250
      Email: jgs@mccunewright.com
             mds@mccunewright.com
             jbk@mccunewright.com


      *Pro Hac Vice Applications to be Submitted


      Attorneys for Plaintiff and Putative Class

-24-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY DEMAND**

Plaintiff, on behalf of themselves and the putative Class, demands a trial by jury on all issues so triable.

Dated:  November 1, 2016.                           McCune Wright LLP

                                        By:___/s/ Richard D. McCune_____
                                              Richard D. McCune
                                              Attorneys for Plaintiff and Putative Class

CLASS ACTION COMPLAINT
Case No.: 2:16-cv-08125